UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LAKANDRA M. MONCURE

    Plaintiff

v.                                                CIVIL ACTION 3:23-cv-74-HTW-LGI

JAGUAR LAND ROVER
NORTH AMERICA, LLC

    Defendant                      JURY TRIAL REQUESTED

**COMPLAINT**

**I. PARTIES**

1. Plaintiff **LAKANDRA M. MONCURE**, is an individual who resides in Hinds County, Mississippi.

2. Defendant **JAGUAR LAND ROVER NORTH AMERICA, LLC (also referred to hereafter as " JLRNA", "JAGUAR", or "Defendant")** is a Delaware Limited Liability Company with its principal place of business at 100 Land Rover Way, Mahwah, New Jersey 07495 that is authorized to do business and is doing business in Mississippi and specifically in this judicial district. At all relevant times, **JAGUAR** was engaged in the business of marketing, supplying, and selling motor vehicles accompanied by written warranties to the public at large through a system of authorized dealerships. **JAGUAR** does not maintain a registered agent in Mississippi. It's New Jersey registered agent is: Corporation

Service Company, Princeton South Corporate Court, Suite 160; 100 Charles Ewing Blvd, Ewing New Jersey 08628.

## II.   JURISDICTION

3.   Plaintiff alleges that Defendant JLRNA is a limited liability company with its principal place of business located in Mahwah, New Jersey and that the sole member of JLRNA is Jaguar Land Rover Limited, a private limited company incorporated under the laws of England and Wales with its principal place of business in Coventry, United Kingdom. Because neither JLRNA nor its sole member is a citizen of the State of Mississippi, diversity of citizenship exists pursuant to 28 U.S.C. § 1332(a).This Court has jurisdiction over the lawsuit because Plaintiff and Defendant are citizens of different states and because the amount in controversy exceeds $75,000 pursuant to 28 USC §1332 (a). The Court has supplemental jurisdiction under 28 USC § 1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

## III.   VENUE

4.   Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District. Plaintiff tendered the Vehicle for the failed repairs which forms the basis of this action to **Land Rover Jackson**, an authorized dealer for Defendant **Jaguar Land Rover North America LLC**, 5320 I-55 North, Jackson, Mississippi

39211, which lies in the Jackson Division of the United States District Court for the Southern District of Mississippi.

## IV. CONDITIONS PRECEDENT

5.      All conditions precedent have occurred or been performed. Plaintiff provided notice of claims pursuant to the Magnuson Moss Warranty Act via certified mail to **JAGUAR LAND ROVER NORTH AMERICA, LLC** and participated in the defendant's designated dispute resolution program, BBB Auto Line.

## V.    FACTS

### A.  The Transaction

6.      On June 11, 2019, Plaintiff purchased a 2017 Jaguar F-PACE (the "Vehicle"). The vehicle was purchased as Certified Pre-Owned with accompanying warranties and representations to quality from **PARETTI IMPORTS INC.** of **METAIRIE, LOUISIANA**, an authorized **JAGUAR LAND ROVER NORTH AMERICA, LLC** dealer.  The Vehicle was purchased for Plaintiff's personal use.

7.      The sales price of the Vehicle was $35,513.69, plus finance charges, taxes, and other costs and charges.

### B.   The Defects and Repair Attempts

8.      The Vehicle has encountered an excessive number of defects, which are still not resolved as of the date of this pleading, including but not limited to the following:

   a.      The Vehicle has been out of service since January 09, 2022, when the Plaintiff was informed the vehicle was not safe to drive and tendered it to

Defendant's repair facility, **Land Rover Jackson** of **Jackson, Mississippi** to make warranty covered repairs.

b.  Prior to the January 09, 2022, service appointment, the Plaintiff tendered the vehicle to **Land Rover Jackson** on multiple occasions regarding recurring CEL and stalling out, each time the Vehicle was returned unrepaired because the repair facility, **LAND ROVER JACKSON**, was unable to diagnose the problem.

c.  In October 2021, Plaintiff tendered the Vehicle for a repair visit to address the engine stalling out and the CEL coming on. At that repair attempt, **LAND ROVER JACKSON** was again unable to diagnose the problem and returned the Vehicle to Plaintiff unrepaired. After that repair attempt, Plaintiff opened a case with Defendant (CASE: 8001025402). Defendant **Jaguar** has had actual notice of the vehicle's nonconformities since October 2021**.**

d.  After the October 2021 repair attempt, the Vehicle continued to stall out and, only after multiple calls requesting a service appointment, did **LAND ROVER JACKSON** agree to attempt a repair, scheduling the January 09, 2022 service visit during which the service facility finally acknowledged the Vehicle has serious defects and was unsafe to drive.

9.  **Defendant,** through its authorized dealer, has already attempted repairs to the Vehicle at least 5 times and the Vehicle has spent approximately 12 months at **Land Rover Jackson** undergoing repairs.  While Plaintiff's repair

records are incomplete, they are available to **JAGUAR LAND ROVER NORTH AMERICA, LLC** as all repairs were attempted at its authorized repair facilities.

10. As of the date of this filing, the Vehicle is still in the shop for significant mechanical issues rendering the Vehicle inoperable.

11. Additionally, while in the Defendant's custody the Vehicle was burglarized and damaged, the extent of which has not yet been determined.

### E. ACTIONABLE CONDUCT

12. It is fully asserted herein that the Vehicle made the basis of the suit herein was defective in material and workmanship, such defects being discovered within the warranty period. Shortly after purchase, Plaintiff began experiencing such defective conditions with Vehicle and presented it for repairs to the Defendant as previously stated herein.

13. As of the date of this filing, the Vehicle remains in the shop for additional defects in material and workmanship, rendering the vehicle inoperable and resulting in complete loss of use. Repair attempts the defects remain unrepaired. Defendant failed to repair the Vehicle to bring it into conformity with the warranties set forth herein.

14. The defects experienced by Plaintiff with the Vehicle and nonconformities therein substantially impair its use, value, and safety. Despite Plaintiff's repeated efforts to allow Defendant the opportunity to repair the Vehicle, many nonconforming and defective conditions were never repaired. From the date of its purchase to the present, substantial and material defects in workmanship

persist, and the Vehicle is in the Defendant's authorized repair facility as of the date of this filing herein, with additional defects and nonconformity.

15. Plaintiff directly notified Defendant of the defective condition of the Vehicle on numerous occasions, including formal notice by and through counsel and thru its consumer mediation program, to no avail.

## VI.   CAUSES OF ACTION

### A.   COUNT ONE:  Violations of Louisiana Redhibition Laws

16. Plaintiff re-alleges and incorporates by reference herein each allegation set forth in the preceding paragraphs.

17. The Vehicle is a "thing" under La. Civil Code Articles 2520, et seq.

18. **JAGUAR LAND ROVER NORTH AMERICA, LLC** is a "manufacturer" under La. Civil Code Articles 2520, et seq.

19. **PARETTI IMPORTS INC**. of Metairie, Louisiana is a "seller" under La. Civil Code Articles 2520, et seq.

20. Plaintiff is a "buyer" under in La. Civil Code Articles 2520, et seq.

21. The defects described in the Vehicle meet the definition of a redhibitory defect as defined in La. Civil Code Articles 2520, et seq.:

    a. A defect is **redhibitory** when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. **The existence of such a defect gives a buyer the right to obtain rescission of the sale**.

b.  A defect is **redhibitory** also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price.

22. Plaintiff has provided the Defendant sufficient opportunity to repair the defective Vehicle.

23. Plaintiff has performed every duty required of them under Louisiana Redhibition Laws, except as may have been excused or prevented by the conduct of the Defendants, as herein alleged.

24. The hidden defects, non-conformities and conditions in the Vehicle existed at the time of sale but were not discovered until after delivery. Neither Plaintiff nor a reasonable prudent buyer would have purchased the Vehicle had he known of the defects prior to the sale.

25. Furthermore, the Defendant has failed to repair the Vehicle which constitutes a breach of the implied warranties of redhibition and entitles Plaintiff to a rescission of the sale, return of the purchase price, plus all collateral costs of the sale, finance charges, insurance premiums, out of pocket expenses, and non-pecuniary damages under Louisiana Civil Code Articles 24 1998, et seq. In the alternative, Plaintiff is entitled to a reduction of the price paid if the facts determined at trial indicate that the Plaintiff would still have purchased the Vehicle but for a lesser price.

26. Under Louisiana Redhibition laws, Plaintiff is also entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiff prevails. As a proximate result of Defendant's misconduct as alleged herein, and to protect her rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of the undersigned attorneys. Plaintiff has incurred and continue to incur legal fees, costs, and expenses in connection therewith.

### B. COUNT TWO: Breach of Express Warranty

27. Plaintiff reallege and incorporate by reference as though fully set forth herein every allegation contained in the preceding paragraphs.

28. In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made, including, that any malfunction and/or defects in material and workmanship in the Vehicle occurring during the **JAGUAR** warranty period resulting from such defects in material or workmanship would be repaired, and that repair work on the Vehicle had, in fact, repaired the defects.

29. Plaintiff's purchase of the Vehicle was accompanied by express warranties offered by Defendant **JAGUAR** and extending to Plaintiff. These warranties were part of the basis of the bargain of Plaintiff's contract for purchase of the Vehicle. Defendant's inability to properly repair the Vehicle has compelled the claims herein for the stated breach of warranties and has resulted in the claims asserted herein for damages.

30. The express warranty provided in connection with the sale of the Vehicle herein covered any repairs or replacements needed during the warranty period due to defects in factory materials or workmanship. Any required adjustments would also be made during the basic coverage period. All warranty repairs and adjustments, including parts and labor, were to be made at no charge. Additional warranties were set forth in **JAGUAR'**s warranty booklet and/or owner's manual and/or other materials.

31. As alleged above, Defendant breached its warranties by offering for sale, and selling as safe to Plaintiff, a Vehicle that was latently defective, unsafe, and likely to cause economic loss to Plaintiff and not repairing those defective conditions.

32. In breach of the foregoing warranties, Defendant has failed to correct these substantial defects and because of this continuing breach the Vehicle has been out of service for an unreasonable amount of time. The limited remedies in the Defendant's warranty have failed of their essential purpose and Plaintiff is being deprived of substantial value of bargain because the Vehicle's defects were not corrected within reasonable time.

33. The damages Plaintiff has suffered are a direct and proximate result of Defendant's actions in this matter include, but are not limited to, diminution in value of the Vehicle, out of pocket expenses, loss of use, and attorney fees, as alleged here and below.

### C.    COUNT FOUR: Revocation of Acceptance

34.    Plaintiff re-allege and incorporate herein by reference each allegation set forth in the preceding paragraphs. The conduct described above has been and is producing and is the cause in fact and proximate cause of damages to Plaintiff.

35.    Plaintiff purchase of the Vehicle included various promises and warranties and included in these warranties, the Defendant made representations regarding the Vehicle's quality and their ability to repair any defects or nonconformities that formed part of the Plaintiff's contract of sale.

36.    The Vehicle did not conform to the representations or warranties made in this transaction.

37.    Plaintiff has notified the Defendant of the numerous problems and non- conformities in writing and verbally.

38.    Plaintiff has given the Defendant a reasonable opportunity to cure the non- conformities and problems with the Vehicle.

39.    The Defendant has failed to adequately repair the Vehicle and/or have not repaired same in a timely fashion and/or have not made the Vehicle conforming.

40.    The Vehicle's non-conformities and defects substantially impair its value to the Plaintiff and renders the Vehicle useless, or its use so inconvenient that it must be presumed that Plaintiff would not have bought the Vehicle had they known of the defect

41.    Any delay in notification regarding revocation was based upon assurances by Defendant and its repair facility's assurances that the Vehicle's

substantial non-conformities would be corrected and/or due to Plaintiffs' belief the substantial non-conformities would be cured based on the Defendant' promises.

42.     Plaintiff is entitled to revoke their acceptance and recover all sums they have expended on the Vehicle together with all incidental and consequential damages, costs, expenses, and an attorneys' fees award.

### E.    COUNT FIVE:  Violation Of The Magnuson-Moss Warranty Act

43.     Plaintiff re-allege and incorporates by reference as though fully set forth herein each allegation contained in the preceding paragraphs.

44.     Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

45.     Defendant **JAGUAR LAND ROVER NORTH AMERICA, LLC**, is a "supplier" and "warrantor" as defined in the Warranty Act, 15 U.S.C. § 2310(4) and (5).

46.     The Vehicle is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(l), because it is normally used for personal purposes and Plaintiff in fact purchased it wholly or primarily for personal use.

47.     The express warranties pertaining to the Vehicle extended by **JAGUAR LAND ROVER NORTH AMERICA, LLC** are a "written warranty" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

48.     The actions of Defendant in failing to tender the Vehicle to Plaintiff free of defects and refusing to repair or replace the defective Vehicle constitutes a breach

of the written and implied warranties and hence a violation of the Magnuson-Moss Warranty Act.

49.    Plaintiff has performed all things agreed to and required of them under the sales contract and warranty terms, except as may have been excused or prevented by the conduct of Defendant as herein alleged.

50.    As a direct and proximate result of the acts and omissions of Defendant and each of him as set forth hereinabove, Plaintiff has been damaged in an amount more than $75,000.00 according to proof at trial.

51.    Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiff prevails.

52.    As a proximate result of Defendant's misconduct as alleged herein, and to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of the undersigned attorneys. Plaintiff has incurred and continue to incur legal fees, costs, and expenses in connection therewith.

### F.    COUNT SIX: Negligent Repair

53.    Plaintiffs re-allege and incorporates herein by reference each allegation set forth in the preceding paragraphs.

54.    On numerous occasions after the sale, Plaintiff delivered the Vehicle to Defendant for repairs of the defective conditions covered under the express and implied warranties set forth hereinabove.

55. On each such occasion, Plaintiff is informed and believe, and thereupon allege, that Defendant attempted the repairs of the Vehicle pursuant to their obligations under the express and implied warranties. Defendant owed a duty of care to Plaintiff to perform those repairs on the Vehicle in a good and workmanlike manner within a reasonable time. Further, Defendant has a "high duty" to detect and correct defects when consumers such as the Plaintiff are subject to its warranty repair system. The Defendants breached this duty to Plaintiffs.

56. Defendant's attempted repairs of Plaintiff Vehicle were done so negligently, carelessly, and recklessly as to substantially impair the Vehicle's use, value, and safety in its operation and use. At no time did any repair attempt on Plaintiff Vehicle fully and completely repair the Vehicle, nor were many of the defective conditions fixed or significantly improved by the Defendant's repair attempts. Nonetheless, each time Plaintiff picked up the vehicle after the Defendants' repair attempts, Defendant represented to Plaintiff that the repairs were complete, and Plaintiff relied upon these statements by the Defendant.

57. As a direct and proximate result of Defendant's negligent failure to repair the Vehicle within a reasonable time or within a reasonable number of attempts, Plaintiff has been unable to use their Vehicle for months at a time. As a further direct and proximate result of Defendant's failure to repair the Vehicle in a timely and workmanlike fashion, Plaintiffs were forced repeatedly to take the Vehicle in for further repair attempts and to leave the Vehicle for periods of time at great inconvenience to Plaintiff.

58. The Plaintiff has suffered damages as a direct and proximate result of Defendant's negligence exceeding $75,000.00.

## VII.   DAMAGES

59. The conduct described above has been and is a producing and proximate cause of damages to Plaintiff.

### A.   ECONOMIC AND ACTUAL DAMAGES

60. Plaintiff sustained the following economic and actual damages because of the actions and/or omissions of Defendant described herein above:

   a. Loss of use;

   b. Diminished or reduced market value of the Vehicle;

   c. Out of pocket repair expenses; and

   d. Attorney's fees, Expert Fees, and Court Costs.

61. The damages Plaintiff has suffered as a direct and proximate result of Defendant's actions exceed $75,000.00.

### B.   REQUEST FOR RESCISSION – LOUISIANA REDHIBITION

62. Plaintiffs seek the remedy of rescission of the sales contract.

63. Under Louisiana Redhibition law, Plaintiffs are entitled to revoke their acceptance of the Vehicle because its defects substantially impair its use, value, and safety to Plaintiffs and the acceptance was based on Plaintiff reasonable reliance on the false representations and warranties of the Defendant that the defects in the Vehicle would be repaired, and no reasonable prudent buyer would have purchased the Vehicle with knowledge of these defects prior to the sale.

Accordingly, Plaintiff seeks a cancellation of the sales contract and an order of the court restoring to them the money obtained by Defendant because of the false representations and breaches of warranties as set forth above. Plaintiff also seek cancellation of the debt securing the Vehicle and offer to return the Vehicle to the Defendant.

### C. ATTORNEY FEES AND COSTS

64. Plaintiffs are entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiffs prevail. As a proximate result of Defendants' misconduct as alleged herein, and to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of the undersigned attorneys. Plaintiff has incurred and continue to incur legal fees, costs, and expenses in connection therewith.

### IX. PRAYER FOR RELIEF

65. For these reasons, Plaintiffs pray for judgment against the Defendants for the following:

    a. For general, special, and actual damages according to proof at trial.

    b. Rescission of the Vehicle's sale and return to Plaintiff the purchase price including all collateral costs at the time of the sale, all finance charges, insurance premiums, maintenance costs, repair costs, and damages.

    c. For incidental and consequential damages according to proof at trial.

    d.    Out of pocket damages for expenditures related to any cost of repairs, deductibles; cover; renting replacement vehicles, and towing charges.

    e.    Any diminution in value of the Vehicle attributable to the defects, calculated at the time of purchase.

    f.    Past and future economic losses.

    g.    Prejudgment and post-judgment interest.

    h.    Attorney fees.

    i.    Costs of suit, expert fees and litigation expenses; and

    j.    All other relief this Honorable Court deems appropriate.

## X.    Demand for Jury Trial

66.    Plaintiffs hereby demand trial by jury to the extent authorized by law.

*s/ Benjamin Z. Wise*

_____
Benjamin Z. Wise, MSB 99652
WISE PLLC | LAW OFFICES
Post Office Box 4641
Jackson, Mississippi 39296
Telephone: (601) 500-7484
Email: ben@wisepllc.com
**ATTORNEY FOR THE PLAINTIFF
LAKANDRA M. MONCURE**